IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT CLARK RUTKOWSKI,

    Petitioner,

v.

EDWARD F. REILLY, JR., Chairman,
U.S. Parole Commission; and
J.E. THOMAS, Warden, Federal
Detention Center, Sheridan, Oregon,

    Respondents.

Civil No. 08-337-AC

OPINION AND ORDER

KRISTINA HELLMAN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

    Attorney for Petitioner

KARIN J. IMMERGUT
United States Attorney
SUZANNE E. BRATIS
Assistant United States Attorney
1000 SW Third Avenue
Suite 600
Portland, OR 97204

    Attorneys for Respondent

1 - OPINION AND ORDER -

ACOSTA, Magistrate Judge.

Petitioner, an inmate in the custody of the United States Bureau of Prisons at FDC Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. For the reasons that follow, the court conditionally GRANTS the Petition for Writ of Habeas Corpus.[1]

*Background*

On January 24, 1983, Petitioner was convicted in the United States District Court for the Western District of Texas on a charge of possession with intent to distribute methamphetamine. The trial judge sentenced Petitioner to five years of imprisonment to be followed by a "special parole" term of 20 years. On March 18, 1987, Petitioner was released from his term of imprisonment, and began serving his 20-year special parole term.

On July 22, 1987, the United States Parole Commission (hereafter the "Parole Commission" or the "Commission") issued a warrant charging Petitioner with violating the terms of his special parole. On March 1, 1988, the Commission revoked Petitioner's special parole, ordered Petitioner to serve 34 months in prison with a presumptive special parole date of May 21, 1990, and ordered the special condition of mental health aftercare. Petitioner received no credit for any of the time spent on the street on special parole prior to the revocation.

On May 3, 1990, the Commission informed Petitioner by a Notice of Action that his May 21, 1990, presumptive special parole date was stayed pending a rescission hearing ordered because of Petitioner's institutional misconduct and allegations of new criminal conduct. On May 21, 1990, Petitioner waived his rescission hearing.

---

[1] The parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with 28 U.S.C. § 636(c).

2 - OPINION AND ORDER -

On February 18, 1992, Petitioner pleaded guilty to interstate communication of threats and was sentenced to four years in prison. On June 10, 1992, the Commission reopened Petitioner's case, and scheduled a hearing to take into account the new sentence. On June 17, 1992, Petitioner received a rescission hearing. The four-year sentence was based upon some of the behavior that had resulted in Petitioner's 1988 revocation, so the Commission considered only Petitioner's behavior after the 1988 revocation. The Commission also considered an institutional infraction which occurred on October 23, 1991.

On July 8, 1992, the Commission issued a Notice of Action ordering Petitioner's prison term continued to expiration. Petitioner successfully appealed this decision and, on September 13, 1994, the National Appeals Board determined his claim was correct and granted him a presumptive special parole date of July 1, 1997.

In 1996, the Commission recognized that the Fifth Circuit Court of Appeals held that the Commission could not impose more than one term of special parole under 21 U.S.C. § 841(c). *Arturo v. Hall*, 74 F.3d 68 (5th Cir. 1996). Because Petitioner was then incarcerated in the Fifth Circuit, the Commission converted Petitioner's term of special parole into a term of regular parole. Before releasing Petitioner on regular parole, however, the Commissioner re-converted his parole back to special parole because Petitioner had been relocated to a different circuit.

On January 15, 1999, the Commission released Petitioner to special parole. In February 1999, the Commission again converted Petitioner's parole term from special to regular parole, because Petitioner was released from incarceration in the Ninth Circuit, and subject to that court's ruling in *Robles v. United States*, 146 F.3d 1098 (9th Cir. 1998).

3 - OPINION AND ORDER -

On May 11, 1999, the Commission issued a warrant charging Petitioner with violation of the conditions of his regular parole. Following a December 29, 1999, revocation hearing, the Commission revoked Petitioner's parole and credited his street time. On May 12, 2000, Petitioner was again released on parole.

On October 28, 2000, the Commission issued another warrant charging Petitioner with violation of the conditions of his regular parole. The warrant was later supplemented with another charge. While proceedings on this warrant were pending, the Commission re-converted Petitioner's parole term back to special parole based on its interpretation that *Johnson v. United States*, 529 U.S. 694 (2000), which construed the supervised release statute, effectively eliminated the restriction on consecutive terms under the special parole statute recognized by the Ninth Circuit in *Robles*. In May 2001, following revocation hearing, the Commission revoked Petitioner's parole and forfeited all of his street time. On May 20, 2002, Petitioner was released to serve another term of special parole.

On August 17, 2004, the Commission charged Petitioner with violating his special parole. The Commission revoked Petitioner's special parole term and forfeited all of the time he spent on special parole. On April 20, 2006, Petitioner was released on special parole.

On July 14, 2006, the Commission issued a warrant alleging Petitioner violated four conditions of his special parole: (1) halfway house placement; (2) failing to report to his parole officer; (3) failing to report a change in residence; and (4) violating the condition of mental health aftercare. Following a revocation hearing, the Commission revoked Petitioner's special parole and ordered continued incarceration to expiration of his sentence.

4 - OPINION AND ORDER -

Petitioner appealed, and the National Appeals Board ("NAB") determined that a "decision of more than four years above the top of the guidelines appears to be disproportionate to the seriousness of the violation conduct." The NAB modified the revocation decision to require service of 32 months of imprisonment.

On March 19, 2008, Petitioner filed his habeas corpus petition in this court. Petitioner contends, *inter alia*, that the Commission lacked the authority to impose more than one term of special parole.[2] Petitioner seeks an order requiring the Commission to (1) enter an order terminating jurisdiction and releasing Petitioner without the imposition of a further term of parole; or (2) enter an order vacating the revocation order and restoring Petitioner to parole with suitable conditions relating to mental health treatment; or (3) enter an order for a de novo revocation hearing.

*Legal Standards*

Federal courts may properly review a decision of the Parole Commission where the issue is "whether the Commission acted outside its statutory authority or committed a constitutional violation." *Rizzo v. Armstrong*, 921 F.2d 855, 858 (9th Cir. 1990). Decisions of the Parole Commission are to be reviewed for abuse of discretion, and must stand unless they are contrary to law or there exists no rational basis for them. *Walker v. United States*, 816 F.2d 1313, 1316 (9th

---

[2] Petitioner also alleges the Parole Commission acted in an arbitrary and capricious manner toward him and that their actions in connection with his most recent revocation resulted in constitutional violations. Petitioner does not address these allegations in his Memorandum in Support. Rather, he acknowledges the limits of this court's review on these issues. In light of the standards set forth below, the court finds Petitioner is not entitled to relief on his claims pertaining to the 2007 parole revocation.

5 - OPINION AND ORDER -

Cir. 1987); *Wallace v. Christensen*, 802 F.2d 1539, 1551-52 (9th Cir. 1986) (*en banc*). The discretionary judgments of the Parole Commission are not subject to review. *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 981 (9th Cir. 2002).

*Discussion*

I. Special Parole

"Special parole" was created by the Comprehensive Drug Abuse Prevention and Control Act of 1970. *See* Pub.L. 91-513, 84 Stat. 1236, 1262 (1970), *as reprinted in* 1970 U.S.C.C.A.N. 2566. Special parole is defined as "an additional period of supervision which commences upon completion of any period on parole or mandatory release supervision from the regular sentence; or if the prisoner is released without supervision, commences upon such release." 28 C.F.R. § 2.57(a).

Unlike regular parole, which involves release from incarceration prior to the end of a sentence, special parole is a sanction imposed in addition to any term of imprisonment. *Doyle v. Warden*, 447 F. Supp. 2d 1123, 1125 n.1 (C.D. Cal. 2006). The Seventh Circuit Court of Appeals explained the differences between regular and special parole as follows:

> Three things are "special" about special parole: first, special parole follows the term of imprisonment, while regular parole entails release before the end of the term; second, special parole was imposed, and its length selected, by the district judge rather than by the Parole Commission; third, when special parole is revoked, its full length becomes a term of imprisonment. In other words, "street time" does not count toward completion of special parole; as a rule, however, persons serving [regular] parole are returned to prison only for the remainder of their term, for the clock runs continuously.

*Evans v. U.S. Parole Comm'n*, 78 F.3d 262, 263 (7th Cir. 1996).

6 - OPINION AND ORDER -

Revocation of special parole is controlled by 21 U.S.C. § 841(c), which provides[3]:

> A special parole term . . . may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the term which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or a part of the remainder of the new term of imprisonment. A special parole term . . . shall be in addition to, and not in lieu of, any other parole provided by law.

Over time, a split emerged in the circuit courts as to whether § 841(c) gave the Parole Commission authority to impose a second term of special parole after revoking the original term of special parole. The majority of the circuit courts addressing the issue held no such authority exists. *See Doyle*, 447 F. Supp. 2d at 1126 (compiling case citations). The Ninth Circuit adopted this majority view in *Robles* in 1998, holding that the Parole Commission lacks the authority to impose a second term of special parole. *Robles*, 146 F.3d at 1101-02.

II.   *Robles's* Continued Precedential Value

In 2000, the Supreme Court decided *Johnson, supra. Johnson* settled a circuit split over whether 18 U.S.C. § 3583(e)(3), a supervised release statute containing some language similar to § 841(c), authorizes district courts to impose a second term of supervised release following a re-incarceration from a prior term of supervised release. Under § 3583, a district court could "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision. . . ." *See*

---

[3] Although Congress repealed this provision in 1984, it remains applicable to sentences for criminal offenses committed before November 1, 1987. *See* Pub. L. No. 98-473, tit. II, § 224(a)(2), formerly § 224(a)(6), 98 Stat. 1987, 2030 (1984), as renumbered by Pub.L. No. 99-570, tit. I, § 1005(a)(2), 100 Stat. 3207-6 (1986) (the "Sentencing Reform Act").

7 - OPINION AND ORDER -

18 U.S.C. § 3583(e)(3) (1988 ed., Supp. V). In *Johnson*, the Court held that § 3583 does authorize a court to impose successive terms of supervised release. *Id.* at 703-13.

This court must follow the law established by the United States Supreme Court and the Ninth Circuit Court of Appeals. *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). As a general rule, in the absence of an act of Congress or a direct ruling by the Supreme Court, existing circuit precedent can only be overruled by an *en banc* panel of the Ninth Circuit Court of Appeals. *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 n.15 (9th Cir. 1994).

A narrow exception to the general rule exists when an intervening Supreme Court decision undermines the Circuit precedent. *Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (*en banc*). In order for this narrow exception to apply, "the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Id.* at 900.

The Commission argues *Robles* is clearly irreconcilable with *Johnson* because *Robles* purportedly was based on an interpretation of 18 U.S.C. § 3583 which *Johnson* overruled, but the Commission argument is based on a misreading of *Robles* and must be rejected. But as the court noted in *Doyle*, the Ninth Circuit did not base its opinion in *Robles* exclusively, or even principally, on an interpretation of § 3583. *Doyle* observed, correctly, that *Robles* instead based its holding principally on the "clear and unambiguous" language of § 841(c), language which appears nowhere in § 3583. *Doyle*, 447 F. Supp. 2d at 1128. Thus, the *Doyle* court concluded, it remained bound by the Ninth Circuit's holding in *Johnson* that under § 841(c)'s clear language the Commission has no authority to impose a second term of special parole. *Doyle*, 447 F. Supp. 2d at 1129.

8 - OPINION AND ORDER -

The Commissioner correctly points out that the court in *Robles* commented that its conclusion was "strengthened" by cases construing the supervised release statutes. *Robles*, 146 F.3d at 1100-01. However, that *Johnson* later overruled the § 3583 cases does not render *Robles* irreconcilable with *Johnson*. Rather, as the *Doyle* court concluded, "[t]he overruling merely makes *Johnson* irreconcilable with a nonessential, additional support for the *Robles* Court's conclusion, leaving intact the *Robles* Court's essential theory and reasoning. Consequently, this Court remains bound by *Robles*." *Doyle* 447 F. Supp. 2d at 1129 (citations omitted). This court agrees that it and the Commission remain bound by *Robles*, which determination is consistent with other courts that have applied the reasoning and conclusions found in *Doyle* to conclude that *Johnson* did not dictate a finding that the Parole Commission correctly interpreted and applied § 841(c). *See Bing v. Schultz*, 2008 WL 16389 (D. N.J. 2008); *Hall v. Eichenlaub*, 2008 WL 1886004 (E.D. Mich. 2008).

The Commission's use of *Rich v. Maranville*, 639 F.3d 83 (2nd Cir. 2004), to support its position is unavailing. The Second Circuit Court of Appeals interpreted *Johnson* to support its conclusion that reimposition of a successive terms of special parole after a special parole revocation is permitted. However, the Second Circuit's decision does not supplant the Ninth Circuit's governing precedent of *Robles*, and in any case the Second Circuit's test to determine irreconcilability differs materially from the controlling Ninth Circuit test. In sum, *Maranville* is neither controlling nor useful precedent for this court.

Having concluded that *Robles* is not clearly irreconcilable with *Johnson*, and thus that the Parole Commission exceeded its statutory authority under § 841(c), this court need not engage either in further discussion of *Johnson* or in further comparison of § 841(c) with § 3583. Under

*Robles*, the Parole Commission exceeded its statutory authority under § 841(c) when it imposed successive special parole terms, and Petitioner is entitled to relief.

III.   Deferral to the Commission's Interpretation

Respondent argues that, even if *Johnson* did not directly abrogate *Robles*, it rendered the statutory language of § 841(c) so ambiguous that the Parole Commission's interpretation of § 841(c) to allow re-imposition of special parole is entitled to due deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984). The court rejects this argument as well.

Deference to an agency's statutory interpretation is possible only where there exists an ambiguity in the statute. *Chevron*, 467 U.S. 842-43. As noted above, however, *Robles* explicitly found the language of § 841(c) to be clear and unambiguous. *Robles*, 146 F.3d at 1100. Therefore, the Parole Commission's "interpretation" of the statute is not entitled to deference. *See National Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967, 982-83 (2005) (holding that "if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion," the result is that the "court's prior judicial construction of a statute trumps an agency construction."). Moreover, to the extent the Parole Commission contends this court should defer to its interpretation of case law, specifically, that *Johnson* effectively overruled *Robles*, such an argument is without merit. *See Acosta v. Gonzales*, 439 F.3d 550, 553 n.4 (9th Cir. 2006) ("an agency is not owed deference when the issue is the interpretation of Circuit law rather than the statute"). Therefore, this court accords

no deference to either the Commission's construction of § 841(c) or its interpretation of the *Robles* decision.

IV.  Respondent Edward F. Reilly

Respondents argue Chairman Edward Reilly of the Parole Commission is not a proper respondent in this habeas corpus action, and should be stricken as a party. Petitioner does not address this issue.

Pursuant to 28 U.S.C. § 2242, the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *See also* 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"). The only appropriate respondent in such a habeas action is the prisoner's immediate custodian, *i.e.*, the warden of the institution in which the prisoner is confined. *See Rumsfield v. Padilla*, 542 U.S. 426, 435 ("the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); *see also Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) ("[a] custodian 'is the person having a day-to-day control over the prisoner.' That person is the only one who can produce 'the body' of the petitioner") (citations omitted); *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986) (Parole Commission is not custodian despite its power to release petitioner).[4]

As such, Respondents are correct that Edward Reilly is not a proper respondent to this habeas corpus action and he should be dismissed as a party hereto. The dismissal of Parole Commissioner

---

[4]The court notes, however, that in several § 2241 habeas cases involving challenges to Parole Commission decision by in-custody inmates, both the warden and the Parole Commissioner have routinely been named as co-respondents, without discussion by the courts. *See, e.g., Sherman v. U.S. Parole Comm'n*, 502 F.3d 869 (9th Cir. 2007); *Vermouth v. Corrothers*, 827 F.2d 599 (9th Cir. 1997).

11 - OPINION AND ORDER -

Reilly does not, however, in any way affect the directive of this court to the Commission to take the action set forth below.

V.   Appropriate Remedy

For his remedy, Petitioner seeks an order terminating the Parole Commission's jurisdiction and releasing him without the imposition of a further term of special parole. Unconditional release, however, is not the appropriate remedy here. Rather, the Parole Commission must recalculate Petitioner's sentence from January 15, 1999, the date Petitioner was released on parole after the 1988 revocation of his special parole. *Robles*, 146 F.3d at 1102. The Commission also shall determine whether the subsequent parole violations would result in forfeiture of street time, as a regular parolee whose parole is revoked receives credit for all the time spent on parole prior to the revocation unless he has incurred a new conviction while on parole, has absconded, or has wilfully refused to respond. *See* 18 U.S.C. § 4210(b) & (c); 28 C.F.R. § 2.52(c) and General Statement of Policy in Appendix to § 2.52; *Rizzo*, 921 F.2d at 861.

ORDER

For these reasons, the Petition for Writ of Habeas Corpus is conditionally GRANTED. Respondent shall release and discharge Petitioner from his sentence unless, within ninety (90) days of the date the Judgment herein becomes final, Petitioner is brought before the Parole Commission for a noticed hearing to recalculate Petitioner's sentence in a manner consistent with this Opinion and Order.

DATED this 12th day of August, 2008.

John V. Acosta
United States Magistrate Judge

12 - OPINION AND ORDER -